UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-35-1-F
No. 7:04-CV-142-F

| | | |
|---|---|---|
| PHILLIP H. BARFIELD | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-218] petitioner, Phillip H. Barfield's ["Barfield"] motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 [DE-214]. Barfield has responded in opposition to the Government's motion [DE-221]. Barfield also has filed a motion for leave to submit supplemental material [DE-222], two requests for judicial notice [DE-224, -228], a motion to preserve *Booker/Blakely* issues [DE-225], a motion for leave to amend his petition [DE-226], and a motion for leave to conduct discovery [DE-227]. After filing its motion to dismiss, the Government has not responded to any of Barfield's subsequent motions.

Although he entered pleas of "not guilty" on December 10, 2001, Barfield abruptly changed his plea on January 23, 2002, the morning of jury selection. Barfield pleaded "guilty" without benefit of a plea agreement to all six counts in which he was charged in the Third Superseding Indictment [DE- 115]: (1) conspiracy to manufacture and to distribute and possess with the intent to distribute 100 kilograms or more of marijuana, 50 grams or more of methamphetamine and 500 grams or more of a mixture containing methamphetamine, and five kilograms or more of cocaine, and to manufacture methamphetamine; (2) possession with the intent to distribute two kilograms of cocaine, and aiding and abetting; (3) distribution of 14.2 grams of cocaine; (4) distribution of 308.1 grams of a mixture containing methamphetamine; (7) possession of (seven named) firearms in furtherance of a drug trafficking crime; and (8) criminal

forfeiture. A week prior to his scheduled sentencing hearing, Barfield filed a pro se Motion to Withdraw Guilty Plea [DE-182], which was denied. Barfield was sentenced on June 21, 2002 to a term of life imprisonment plus sixty months [DE-187].

The Fourth Circuit Court of Appeals affirmed Barfield's conviction and sentence by written opinion on February 28, 2003 [DE-203], and denied his petition for rehearing on April 8, 2003 [DE-206]. The Supreme Court denied Barfield's petition for writ of certiorari on October 6, 2003, and he timely filed the instant § 2255 petition on July 14, 2004 [DE-214].

Barfield's § 2255 petition asserts two claims, both alleging ineffective assistance of counsel. The applicable legal standard for an ineffective assistance claim is well established. Under the principles of *Strickland v. Washington*, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland*'s test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

*Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), *cert. denied*, 122 S. Ct. 2311 (2002).

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

For ease of reference, the court addresses Barfield's claims in the temporal order in which they allegedly arose. Barfield claims that his trial counsel rendered ineffective assistance by failing to object to the "faulty" firearm charge, thereby rendering his guilty plea to Count Seven unknowing and unintelligent. Count Seven charges in relevant part:

2

> On or about March 6, 2001, in the Eastern District of North Carolina, PHILLIP HENRY BARFIELD, defendant herein, in furtherance of a drug trafficking crime prosecutable in a court of the United States, being conspiracy to manufacture and distribute methamphetamine, possessed firearms . . . in violation of Title 18, United States Code, Section 924(c).

Third Superseding Indictment [DE-115] at p. 4.

Barfield contends that this count was defective because § 924(c) requires that a person have "used and carried a firearm during and in relation to" a drug trafficking crime, allegations not contained in Count Seven. The statute, however, provides in relevant part that:

> . . . any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, *or who, in furtherance of any such crime, possesses* a firearm, shall [be guilty of an offense against the United States].

18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute prohibits a person, not only from "using and carrying "a firearm "during and in relation to" a drug trafficking crime, but also from "possessing" a firearm "in furtherance of" a drug trafficking crime. *See United States v. Lloyd*, 462 F.3d 510, 513 (6th Cir. 2006) (Section 924(c)(1)(A) "creates two distinct criminal offenses. The first is using or carrying a firearm 'during and in relation to any crime of violence or drug trafficking crime.' The second distinct offense is possessing a firearm 'in furtherance of any such crime.'" (Citation omitted)).

Barfield's Third Superseding Indictment sufficiently charges in Count Seven, and he admitted at his Rule 11 hearing, that he violated § 924(C)(1)(A) in the latter manner. *See* Exh. 12 to [DE-214]). Because the substantive predicate for this claim lacks both a factual and a legal basis, Barfield cannot demonstrate that his trial counsel's performance fell "below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and this claim must be dismissed.

3

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Barfield also claims that his appellate counsel was ineffective. In order to place his contentions in context, additional details of his district court proceedings are necessary.

A. <u>Events Surrounding Barfield's Change of Plea</u>

According to Barfield, just before jury selection for his trial he discovered that the Government had not listed Eddie Danford on the witness list it provided to the court and Barfield for the first time that morning. Barfield apparently was aware before entering his straight-up guilty plea that Danford had provided information to the Government attributing 58 kilograms[1] of cocaine to him.[2] Purportedly confident that Danford's statements would not be used as evidence against him, Barfield decided to plead guilty, straight-up.[3] *See also* Transcript of Motions Hearings conducted January 22, 2002, filed September 6, 2002.

Several months later, apparently when his Presentence Report was distributed for review, Barfield discovered that Danford's "statement" *was*, in fact, used in calculating Barfield's relevant conduct for assigning an offense level under the then-mandatory Sentencing Guidelines.[4] Barfield now contends that the Danford statement was *Brady* material, that the

---

[1] This quantity appears elsewhere as "38 kilograms." The figure 58 kilograms may be a combination of Danford's 38 kilograms, and 20 kilograms Barfield's brother, Spencer, attributed to him. Barfield contends Spencer's statement is a "lie." *See infra*, note 3.

[2] " 'The morning of jury selection I asked [trial counsel] where the statement was with 58 kilos of cocaine at, he told me that the D.A. [sic] told him she was lieing [sic] and didn't have such a statement. I took the plea and weeks later I received a 29 page statement from Eddie Danford lieing [sic] about 58 kilos.' " Memorandum in Support of § 2255 motion [DE-115] at p. 9 (quoting October 2, 2002, letter from Barfield to his appellate counsel, Exhibit 1).

[3] Barfield also purportedly relied on a statement by his brother, Spencer, attributing 20 kilograms to him in deciding to plead guilty. He contends that had he known that the statement was false, he would not have pleaded guilty. *See* Motion to Withdraw Plea [DE-182], pp. 2-3.

[4] *See* PSR ¶ 19, pp. 17-18 (Fifteen instances of Danford attributing drug quantities to Barfield).

4

Government had lied to his trial lawyer about using the statement, and his lawyer in turn lied to him in order to extract guilty pleas. "If the D.A. [sic] hadn't have [sic] lied about statement I *never* would have took [sic] the plea." Exhibit 4 to [DE-115] (October 23, 2002, letter from Barfield to his appellate counsel) (emphasis in original)). When he realized that the Danford statement would be used in calculating his sentence, and that his brother Spencer's statements were "false," Barfield filed a pro se Motion to Withdraw Guilty Plea [DE-182] less than a week prior to his sentencing hearing. The Government responded in opposition thereto [DE-183], pointing out that both the Danford and the Spencer Barfield statements concerned Barfield's *own conduct*, and that Barfield would have known as soon as he was aware of the statements (before arraignment) whether or not they were true. *See id.* at p. 3.

After Barfield filed his pro se Motion to Withdraw Guilty Plea, Barfield's trial counsel filed a "Conditional Motion to Withdraw" from representation [DE-184]. The basis for the Conditional Motion to Withdraw from representation was trial counsel's determination that he could not continue to represent Barfield after Barfield had challenged his competence in the Motion to Withdraw Guilty Plea. Additionally, trial counsel alleged that the Assistant United States Attorney had advised him that he (trial counsel) might be called by the Government as a witness at Barfield's trial concerning the allegations Barfield had made against counsel in the Motion to Withdraw Guilty Plea. Trial counsel's Conditional Motion to Withdraw was mooted when Barfield's Motion to Withdraw Guilty Plea was disallowed. *See* Docket Notes of June 21, 2002, detailing oral orders.

### B. Allegations Concerning Appellate Counsel

Barfield's allegations contained in his § 2255 motion and documents appended as exhibits thereto explain his belief that because the Government had not listed Danford as a trial witness, the 38 kilograms that Danford "put on" him could not be counted against him. He says

that in reliance on the absence of Danford's name from the witness list, he immediately entered "straight up" guilty pleas.

Barfield believes that the Government was required to disclose to him before his arraignment, and certainly before trial, all the evidence in its possession that it expected to use in prosecuting him. Barfield's pleadings herein demonstrate that he changed his plea to "guilty" on the assumption that, in the absence of Danford's name on the Government's witness list, he was "home free" from any incriminating testimony Danford might have had to offer against him. For example,

> 2. The statement of Eddie Danford, a person who was granted immunity by the United States Attorney, is totally false, also. Mr. Danford says that I was involved in 38 kilograms of cocaine during the time of the Indictment. This is not true. The United States Attorney granted Danford immunity and did not prosecute him. If I had known about this statement, my lawyer could have called him at a jury trial and cross examined him as a hostile witness. The United States Attorney hid this statement from me by granting Danford immunity and then not listing him on the witness list for the trial. Now the United States Attorney wants to use the information Danford gave them to boost up my sentence. This is not fair and just and is an abuse of prosecutorial power.

Barfield's Pro Se Motion to Withdraw Guilty Plea [DE-182], at p. 3. Barfield's own statement demonstrates that he was aware prior to entry of his guilty plea that Danford was a person who could supply incriminating information against him. *See supra* note 2.

Barfield contends his appellate counsel rendered ineffective assistance because she refused, despite his repeated requests, to raise on appeal allegations of prosecutorial misconduct for withholding *"Brady* material" (the Danford statement), and for lying to his trial counsel.[5] Barfield complains that his appellate counsel:

> never discussed these issues with Mr. Barfield; never spoke on the phone or otherwise with Mr, Barfield; did not discuss why or why not the issues was or was

---

[5] Barfield contends that the AUSA told trial counsel on the morning of jury selection that she had been lying " 'about someone saying something about 58 kilos and that was one of the main reasons I took the plea.' " December 19, 2002, Letter from Barfield to appellate counsel, [DE-115], at p. 11 (quoting October 2, 2002, letter, Exhibit 5).

6

> not a viable and meritorius [sic] claim; and did not review any of the facts of the case. [Appellate counsel] instead, told Mr. Barfield that the issues had to be raised on a § 2255 motion. . . . [Appellate counsel] told Mr. Barfield that the record at the District Court level did not entail the issues he wanted raised."

Memorandum in Support of § 2255 Motion at pp. 14-15.

Contrary to Barfield's belief, his appellate counsel correctly advised him that his prosecutorial misconduct claim could not be raised on direct appeal because the facts upon which Barfield relied to support that claim are not a matter of record in the district court. Barfield is mistaken in believing that the matter would have been considered on appeal had his appellate counsel only presented trial counsel's affidavit to the appellate court relating what the AUSA said to him on the morning of jury selection.

Courts of appeals address only issues of law. They review the district courts' application of the law to facts that are determined in the district courts. The factual record is made in the district court and only in the district court. Barfield's prosecutorial misconduct argument depends on the truth of his allegation that the AUSA lied about using Danford's statement at trial. The only fact of record concerning the Government's intent whether or not to call Danford as a trial witness is the absence of Danford's name on the witness list. The question never was answered because Barfield's sudden guilty plea eliminated the need for a trial at all. [6]

The prosecutorial misconduct issue could *not* have been raised on direct appeal; it only would be appropriate on collateral review where, under the proper circumstances, the district court would resolve material factual disputes if a viable constitutional claim were raised. Barfield's appellate counsel correctly advised him that his claim of prosecutorial misconduct was

---

[6] Barfield points out that he raised the Danford statement issue as one ground for withdrawing his guilty plea. *See* [DE- 182] at ¶ 2, p. 3. The factual basis for that allegation was, "The United States Attorney hid this statement from me by granting Danford immunity and then not listing him on the witness list for the trial. Now the United States Attorney wants to use the information Danford gave them to boost up my sentence. This is not fair and just and is an abuse of prosecutorial power." *Id.*

7

not cognizable on appeal, but should be brought on collateral review. [7] Therefore her performance as his appellate counsel did not fall "below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688. Barfield's second ineffective assistance of appellate counsel claim, therefore, also must be dismissed. [8]

## OTHER MOTIONS

On September 19, 2005, Barfield moved for "Leave to Submit Supplemental Material" [DE-222], which he believes proves that his appellate counsel was incorrect in advising him that the prosecutorial misconduct issue was not appropriate for appeal. Specifically, he seeks to add the Docketing Statement from his direct appeal in which the "Issues to be Raised on Appeal" included whether the "District court commit[ed] reversible and prejudicial error by denying the defendant's Motion to Withdraw Guilty Plea based on prosecutorial misconduct and ineffective assistance of counsel." *See* Attachment A to [DE-222].

Although leave to file the supplemental material consisting of the appellate court's Docketing Statement [DE-222] is ALLOWED, the material does not afford Barfield any relief. A claim raised and addressed on appeal may not be re-litigated on collateral review. *See Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). The appellate court addressed and

---

[7] Barfield did not, however, raise a claim of prosecutorial misconduct in his § 2255 motion.

[8] As an aside, the court notes that the "58 kilograms" of cocaine attributed to Barfield by Danford and Spencer Barfield were *not* included in the calculation of Barfield's offense level. The Government charged quantities in Count One of the Third Superseding Indictment to support a life sentence, and produced at sentencing sufficient competent evidence from other sources to yield a sentencing range on Count One of life.

8

rejected Barfield's argument that the district court erred in denying his Motion to Withdraw his Guilty Plea:

> We have reviewed the record and conclude that Barfield has not met his burden of demonstrating a fair and just reason for withdrawing his guilty plea. The reasons Barfield provides for withdrawing his guilty plea concern sentencing issues and do not relate to whether his plea was knowing and voluntary or whether he was in fact guilty. Barfield never asserted that he was innocent of the offenses charged in the indictment, but instead, merely denied responsibility for some of the drug quantities attributed to him for sentencing purposes. This is insufficient to call in to question the validity of the guilty plea.

*United States v. Barfield*, No. 02-4521, slip op. at 3 (4th Cir. Feb. 28, 2003).

Barfield's two requests for judicial notice [DE-224 & -228] are DENIED as futile.

Barfield's Motion to Preserve *Booker/Blakely* Issue [DE-225] is DENIED as futile. Neither of those Supreme Court decisions has been made retroactively applicable on collateral review. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005).

Barfield's January 6, 2006, Motion for Leave to Amend [DE-226] is DENIED. The proposed new claim of ineffective assistance of appellate counsel for failing to raise "constructive denial of assistance of counsel" on appeal, is specious, and arises from the circumstances he created by his allegations contained in his Motion to Withdraw Guilty Plea.

Barfield's trial counsel was forced to file a conditional Motion to Withdraw from representation because in his pro se Motion to Withdraw Guilty Plea, Barfield had accused his trial counsel of misconduct. Barfield contends his appellate counsel should have argued on appeal that such conduct by trial counsel deprived him of effective assistance during the critical stage of the adjudication of his pro se Motion to Withdraw Guilty Plea. Even if the claim might possibly have some merit (it does not), it is barred by the one-year statute of limitations that governs § 2255 motions. *See, e.g., United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (claims barred by the statute of limitations relate back to the original pleading only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or

9

occurrence set forth . . . in the original pleading'). Barfield's limitations period expired on October 3, 2004, a year after the United States Supreme Court denied his petition for writ of certiorari. The proposed amendment does not satisfy the *Pittman* test under Rule 15(a), FED. R. CIV. P.

Finally, Barfield's Motion for Leave of Court to Conduct Discovery [DE-227] is DENIED as moot. Discovery is not warranted, as all Barfield's pending claims have been dismissed herein.

## SUMMARY and CONCLUSION

In summary, the Government's Motion to Dismiss [DE-218] is ALLOWED, and Barfield's § 2255 [DE-214] action hereby is DISMISSED. Barfield's Motion to File Supplemental Material [DE-222], is ALLOWED, but does not afford him any relief. His Motions for Judicial Notice [DE-224, -228] and to Preserve *Booker/Blakely* Issue [DE-225] are DENIED as futile. Barfield's Motion for Leave to Amend [DE-226] and his Motion to Conduct Discovery [DE-227] are DENIED.

It hereby is ORDERED that this action is DISMISSED, and any other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.
This the _29_ day of May, 2008.

JAMES C. FOX
Senior United States District Judge